**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------X
ANTHONY MATTS,                  :
                                :
              Plaintiff,        :
                                :        97 Civ. 9101 (JFK)
        -against-               :    **MEMORANDUM OPINION & ORDER**
                                :
JO ANNE BARNHART,               :
Commissioner of                 :
Social Security                 :
                                :
              Defendant.        :
------------------------------X
**JOHN F. KEENAN, United States District Judge:**

Plaintiff Anthony Matts ("Matts") brought this action seeking review of Defendant's decision denying Matts social security disability benefits and Supplemental Security Income ("SSI") for an eye impairment.  Defendant Jo Anne Barnhart, the Commissioner of Social Security ("Commissioner") moves for Rule 12(c) judgment on the pleadings.  She argues that her decision to deny benefits was supported by substantial evidence and must, therefore, be upheld by this Court.[1]

Under the Social Security Act, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); see 42 U.S.C. § 1383(c)(3) (applying 405(g) to SSI cases).  Substantial

_____

[1] Matts was directed to respond to the motion by November 6, 2006.  To date, the Court has received no response from Mr. Matts The Court mailed the scheduling order to the same address from which Mr. Matts mailed letters to the Court dated March 30, 2006 and September 18, 2006.

evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion." Jones v. Sullivan, 949 F.2d 57, 59 (2d Cir. 1991).

For the Commissioner to deny an application for disability and SSI benefits, substantial evidence must support the conclusion that the claimant is unable to engage in substantial gainful activity by reason of a physical or mental impairment that has been or is expected to be continuous for at least twelve months, and the impairment must be diagnosed by medically acceptable laboratory techniques. 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3).  An administrative law judge ("ALJ") concluded that Matts' impairment did not satisfy this standard.  When the Appeals Council denied Matts' request for review, the ALJ's decision became the Commissioner's final decision.[2]

The Commissioner examined Matts' claim based on the five-step sequential analysis required by 20 C.F.R. §§ 404.1520 and 416.920. First, if the claimant is "doing substantial gainful activity," the Commissioner "will find that [he or she] [is] not disabled." §

---

[2] This case has a protracted procedural history, having traveled back and forth from the administrative agency to Court following Stieberger v. Sullivan, 792 F. Supp. 1376, modified, 801 F. Supp. 1079 (S.D.N.Y. 1992).  Stieberger was a class action brought on behalf of New York residents whose claims for benefits were denied or terminated for failure to demonstrate sufficient disability.  In Stieberger, the Court approved settlement, requiring remand to the agency for compliance with the decision. For a detailed procedural history, please refer to the administrative record on file with this Court.

404.1520(a)(4)(i).  The Commissioner next considers whether the
claimant has a severe impairment(s) that has been or is expected to
be continuous for at least 12 months.  If not, the claimant is
deemed not disabled. § 404.1520(a)(4)(ii).  Step three more
specifically analyzes the severity of the impairment(s): "If
[claimant] ha[s] an impairment(s) that meets or equals one of our
listings in appendix 1 of this subpart and meets the duration
requirement, we will find that [he or she] [is] disabled." §
404.1520(a)(4)(iii).  At step four, if the Commissioner determines
"you can still do your past relevant work, . . . you are not
disabled." § 404.1520(a)(4)(iv).  Finally, the Commissioner
considers "your residual functional capacity and your age,
education, and work experience to see if you can make an adjustment
to other work. If you can make an adjustment to other work, we will
find that you are not disabled." § 404.1520(a)(4)(v).

The claimant bears the burden of proof on steps one through
four.  If at any point in the five-step analysis, it is determined
that a claimant is or is not disabled, the Commissioner will not
review the claim further. § 404.1520(a)(4).

With regard to step one, the Commissioner determined that
Matts was engaged in substantial gainful activity because his
monthly income was greater than the levels set forth by the Social
Security Administration to demonstrate that a claimant is working.
See § 404.1574(b)(2)(B).  Since applying for social security

3

benefits, Matts worked various jobs, including bus boy, bottled water salesperson, and bag and belt salesperson.

The Commissioner next determined that Matts did not suffer from a severe impairment.  Matts sought treatment several times during the relevant period, complaining of problems with his eyes, such as burning and tearing when reading.  On June 26, 1991, he was examined by Dr. Joseph DeCarlo, an ophthalmologist who found no signs of visual pathology.  On July 19, 1991, Dr. M. Davidan at New York Eye and Infirmary diagnosed Matts with allergic conjunctivitis[3] and blepharitis[4] and prescribed eye drops for the condition.  On November 21, 1991, Matts returned to the New York Eye Infirmary, and Matts was diagnosed with photophobia.[5]  When Matts was reexamined a month later, the diagnosis was essentially normal.  Additional testing on January 27, 1992 and March 7, 1992 yielded the same results.

In February 1992, Matts visited the State University of New York College of Optometry, complaining of headaches and eye strain while reading or watching television.  Tests were conducted, and

---

[3] Conjunctivitis is inflamation of the "delicate membrane that lines the eyelid." Dorland's Illustrated Medical Dictionary 374 (27th ed. 1988).

[4] Blepharitis is "inflamation of the eyelid." Dorland's at 215.

[5] Photophobia is "abnormal visual intolerance to light." Dorland's Illustrated Medical Dictionary 27th Edition Saunders 1988. Dorland's at 1287.

the results were normal.  Plaintiff was referred to Mt. Sinai
Medical Center's neurology clinic.  He visited the clinic on March
12, 1992, where he was given a neurological examination.  The
results were normal.  On March 31, 1992, Matts was seen as an
outpatient at Mt. Sinai, where a physician recommended
psychotherapy for an impression of a schizoid personality and a
localized break in reality.

From July 1992 through November 1992, Matts visited the
Postgraduate Center for Mental Health ("PCMH") on a weekly basis,
where he met with a social worker and received treatment for a
conversion disorder.[6]  On November 24, 1992, PCMH made a final
diagnosis, which ruled out paranoid schizophrenia, malingering, and
conversion disorder.

In subsequent years, Matts returned to various doctors and
hospitals, but was never diagnosed with a severe disorder.  At one
point, he was prescribed a mild correction for reading, and at
another point was diagnosed with gastritis and advised to change

---

[6] Conversion disorder is

> a mental disorder characterized by conversion
> symptoms . . . having no demonstrable
> physiological basis and whose psychological basis
> is suggested by (1) exacerbation of symptoms at
> times of psychological stress, (2) relief from
> tension or inner conflicts (primary gain)
> provided by the symptoms, or (3) secondary gains
> (support, attention, avoidance of unpleasant
> responsibilities) provided by the symptoms.

Dorland's at 497.

5

his diet.  There is no record of treatment from 1993 to 1995,
during 1997, or at any time after 1999.

     Because Matts has not shown that he suffered from a severe
disability for a continuous period of twelve months, he was
correctly deemed not disabled.  The Commissioner's decision was
supported by more than substantial evidence.  The 12(c) motion is
granted.

**SO ORDERED.**

Dated:          New York, New York
                January 2 2 , 2007

                                        John F. Keenan

                                    **JOHN F. KEENAN**
                            **United States District Judge**